**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Stollenwerk and Andrea DeGatica, husband and wife; Mark William Brandt,<br><br>    Plaintiffs,<br><br>vs.<br><br>TriWest Healthcare Alliance,<br><br>    Defendant. | No. CV-03-0185-PHX-SRB<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's Motion for Class Certification (Doc. 127). Plaintiff Mark William Brandt moves to certify this case as a class action pursuant to Rules 23(a), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, and requests that class counsel be appointed pursuant to Rule 23(g).

**I.    BACKGROUND**

Defendant TriWest Healthcare Alliance is a contractor for the federal government, and manages the local region of the U.S. Department of Defense's military healthcare program. Defendant collected and stored the personal information of the beneficiaries of that program on computer equipment stored at its facility in Phoenix, Arizona. In May 2001, Defendant reported to the Phoenix Police Department that unauthorized persons had entered Defendant's facility. Plaintiff alleges that Defendant took no other action to prevent future security breaches. On December 14, 2002, Defendant's facility was burglarized, and the

computer equipment containing these personal information records was stolen. The Phoenix Police Department investigated the burglary, but the burglars were never apprehended or identified, and the computer equipment was never recovered. Beginning on January 28, 2003, Mr. Brandt's personal information was used on six occasions to open or attempt to open unauthorized credit accounts in his name. Unknown individuals successfully opened at least two credit accounts and generated more than $7,000 in unauthorized charges to those accounts. Mr. Brandt has not alleged that he was held liable for any of the unauthorized charges or that his credit rating was negatively affected.

On January 28, 2003, Plaintiffs Michael Stollenwerk and Andrea DeGatica filed the original Complaint, which was never served on Defendant, alleging violations of the Privacy Act, the Ninth Amendment, and Arizona tort and contract law. Mr. Brandt joined the action and Plaintiffs filed and served the First Amended Complaint in May 2003. The First Amended Complaint asserted claims for negligence, "gross negligence," "negligence per se," "res ipsa loquitur," breach of the implied bailment contract, and violations of the Privacy Act, the Ninth Amendment, and the Arizona Consumer Fraud Act. Defendant moved to dismiss the First Amended Complaint pursuant to Rule 12(b)(6), and the Court granted the motion to dismiss with leave to amend only as to the negligence, Arizona Consumer Fraud Act, and Privacy Act claims.

Plaintiffs filed the Second Amended Complaint on October 30, 2003, which alleged two counts of Privacy Act violations, one count of negligence, one count of consumer fraud under the Arizona Consumer Fraud Act, and one count of breach of a contract intended to benefit Plaintiffs. The Court granted Defendant's second Motion to Dismiss as to all counts but the negligence claims on September 30, 2004. On September 6, 2005, the Court granted Defendant's Motion for Summary Judgment. Plaintiffs appealed this decision to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed the grant of summary judgment with respect to Stollenwerk and DeGatica's claims for damages in the form of credit monitoring insurance they purchased after the burglary. The court concluded that Stollenwerk and DeGatica had failed to produce evidence of significant exposure of their information or any

significantly increased risk that they would be harmed by its misuse. The court also found that Stollenwerk and DeGatica had failed to show that the damages for the credit monitoring services were reasonable and necessary given the availability of free credit monitoring services.

The Ninth Circuit reversed and remanded Mr. Brandt's claim for damages suffered after his personal information was used to open or attempt to open unauthorized credit accounts in his name. The court concluded that Mr. Brandt had produced evidence from which a jury could infer a causal relationship between the theft of the computer equipment and the incidents of identity fraud that he suffered after the burglary of Defendant's facility. The court based this conclusion on the evidence Mr. Brandt had produced showing that the type of information contained on the computer equipment is the same kind needed to open credit accounts, that Mr. Brandt had given Defendant his personal information, that the identity fraud began six weeks after the burglary, and that he had not suffered any incident of identity fraud previously. The court also considered the evidence Mr. Brandt had produced showing that he does not transmit personal information over the Internet, that he shreds mail containing personal information, and that the only other known theft of his personal information occurred more than five years before the burglary. The court concluded, based on all of the above circumstances, that a reasonable jury could find it more likely than not that a causal relationship existed between the burglary and the incidents of identity theft.

Plaintiff now moves to certify this case as a class action pursuant to Rules 23(a), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, and requests that class counsel be appointed pursuant to Rule 23(g).

**II.     LEGAL STANDARDS AND ANALYSIS**

    **A.  Class Certification**

Federal Rule of Civil Procedure 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

These requirements are referred to as numerosity, commonality, typicality, and adequacy. Plaintiff seeks class certification pursuant to Rule 23(b)(3), which provides that a class action may be maintained if Rule 23(a) is satisfied and if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). These requirements are referred to as predominance and superiority.

Plaintiff seeks to certify a class defined as follows: "All of Defendant's customers, (current and former members of the United States Military), whose personal information was stored on computer equipment that was accessed by unauthorized persons at Defendant's facility on or about December 14, 2002 who claim damage as a result thereof." (Pl.'s Mot. for Class Certification at 7.) Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Although Plaintiff's Motion for Class Certification generally discusses the fact that the Court may certify issue classes, Plaintiff has not argued that such issue certification would be appropriate with respect to any particular issue in this case. (Pl.'s Mot. for Class Certification at 21-22.) Therefore, the Court will consider the request for class certification with respect to Plaintiff's entire claim. Defendant argues that Plaintiff cannot meet Rule 23's

requirements of adequacy and predominance. The Court will focus its analysis on these two requirements.

### 1. Adequacy

The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id*. (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). The adequacy requirement "'tend[s] to merge' with the commonality and typicality criteria of Rule 23(a), which 'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Id*. at n.20 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). The adequacy requirement also "factors in competency and conflicts of class counsel." *Amchem Prods.*, 521 U.S. at 625 n.20.

Although all of the class members' personal information was contained on the stolen computer equipment, the class members have not suffered the same or similar injuries, and Mr. Brandt's injury is not the same or similar to the injuries of the other class members. In affirming summary judgment against Plaintiffs Stollenwerk and DeGatica, the Ninth Circuit stressed that they had failed to produce evidence of either significant exposure of their information or a significantly increased risk that they will be harmed by its misuse, and that the damages sought for credit monitoring services were not reasonable or necessary. (Doc. 115, Mem. Disposition, Nov. 20, 2007 at 4-5.) The proposed class would include Stollenwerk and DeGatica, as well as others like them who have not suffered any incidents

of identity fraud, nor suffered any damages aside from those alleged by Stollenwerk and DeGatica.

In reversing summary judgment with respect to Mr. Brandt's claim, the Ninth Circuit concluded that Mr. Brandt had produced evidence from which a jury could infer a causal relationship between the theft of the computer equipment and the incidents of identity fraud. (Doc. 115, Mem. Disposition, Nov. 20, 2007 at 7.) The court addressed the causation element of Mr. Brandt's negligence claim, but did not reach the damages element. Although Mr. Brandt has alleged that his personal information was used to open or attempt to open credit on his account, he has not alleged that he was held liable for any of the unauthorized charges, that his credit rating was negatively affected, or that he suffered any compensable damages. While the alleged incidents of identity fraud cost Mr. Brandt his time and inconvenience to correct the unauthorized accounts, this may not amount to a compensable injury. Assuming that the proposed class includes individuals who suffered identity fraud caused by the theft of Defendant's computer equipment, and that these individuals suffered some compensable injury as a result of that fraud, such as liability for unauthorized charges, damaged credit ratings, or an inability to get credit, these individuals' injuries would be different than Mr. Brandt's alleged injury. Plaintiff has not provided any evidence showing that his alleged injury is typical of the injuries suffered by the proposed class members. Because Mr. Brandt does not possess the same interest and has not suffered the same injury as the class members, he is not an adequate class representative plaintiff.

**2. Predominance**

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." The Rule 23(b)(3) predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. This inquiry "trains on the legal or factual questions that qualify each class member's case as a genuine controversy." *Id*. The predominance requirement is "similar to" the typicality requirement of Rule 23(a)(3). *Id*. at n.18. For the reasons that follow, the Court concludes that individualized

1  issues related to proof of causation and damages would predominate over common questions
2  were the parties to litigate this case as a class action.

3  The proposed class would include Plaintiffs Stollenwerk and DeGatica. However,
4  summary judgment against these Plaintiffs was upheld by the Ninth Circuit Court of Appeals.
5  In determining that Mr. Brandt had produced evidence from which a jury could infer a causal
6  relationship between the computer equipment theft and the alleged incidents of identity fraud,
7  the court focused on questions of fact individual to Mr. Brandt that bore on causation. The
8  court stressed that Mr. Brandt had produced evidence showing that he does not transmit
9  personal information over the Internet, that he shreds mail containing personal information,
10 and that the only other known theft of his personal information occurred more than five years
11 before the burglary.   (Doc. 115, Mem. Disposition, Nov. 20, 2007 at 9.)  The court also
12 based its conclusion on the evidence Mr. Brandt had produced showing that the type of
13 information contained on the computer equipment is the same kind needed to open credit
14 accounts, that Mr. Brandt had given Defendant his personal information, that the identity
15 fraud began six weeks after the burglary, and that he had not suffered any incident of identity
16 fraud previously.   (Doc. 115, Mem. Disposition, Nov. 20, 2007 at 8.)  Much of this factual
17 information is personal to Mr. Brandt, and will not be true for other class members.

18 Plaintiff argues that any individual questions of fact would bear on the measure of
19 damages, but not on causation, and that the Court could bifurcate the consideration of
20 liability and damages. However, the Court is unconvinced by Plaintiff's argument, because
21 the causation inquiry will depend on individual factual circumstances that will vary from
22 class member to class member. Because individualized issues related to proof of causation
23 would predominate over common questions were the parties to litigate this case as a class
24 action, the predominance requirement is not met. Furthermore, individual issues would also
25 predominate in the analysis of Defendant's potential affirmative defenses, such as
26 comparative fault, since class members' habits and experiences relating to the use or misuse
27 of their personal information will vary. Because Rule 23's adequacy and predominance
28 requirements are not met, class certification is not appropriate in this case. For these reasons,

the Court denies Plaintiff's Motion for Class Certification and denies Plaintiff's request that class counsel be appointed pursuant to Federal Rule of Civil Procedure 23(g).

**IT IS ORDERED** denying Plaintiff's Motion for Class Certification (Doc. 127).

DATED this 10th day of June, 2008.

_____
Susan R. Bolton
United States District Judge